UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>QWEST COMMUNICATIONS CORPORATION,<br><br>    Defendant. | No. C07-0976MJP<br><br>ORDER GRANTING IN PART T-MOBILE'S MOTION FOR ENTRY OF JUDGMENT AND AWARD OF COSTS |

This matter comes before the Court on T-Mobile's Motion for Entry of Judgment and Award of Costs. (Dkt. No. 28.) Qwest opposes the motion. (Dkt. No. 30.) Having considered the motion and response, T-Mobile's reply (Dkt. No. 31), all documents submitted in support thereof and the record herein, the Court GRANTS IN PART T-Mobile's motion. The Court AWARDS pre-judgment interest at the Treasury Bill rate as defined in 28 U.S.C. § 1961 and AWARDS costs.

**Background**

On June 11, 2007, Robert Hinerfeld of the American Arbitration Association ruled in favor of T-Mobile in the amount of $8,575,847.95 in principal and pre-award interest, finding that Qwest's billing practices violated the reciprocal compensation requirements of the Telecommunications Act of 1996. On October 26, 2007, this Court confirmed the arbitration award. (Dkt. No. 27.) T-Mobile requests that the Court enter judgment, including post award/prejudgment interest and costs.

**Discussion**

When the district court maintains federal question jurisdiction, the decision whether to award prejudgment interest is a matter within the district court's discretion, to be decided according to

ORDER - 1

1  federal law. Wessel v. Buhler, 437 F.2d 279, 284 (9th Cir. 1971); see also United States v. Pend

2  Oreille Public Utility Dist. No. 1, 28 F.3d 1544, 1553 (9th Cir. 1994). Prejudgment interest is not a

3  penalty, but a means of making a wronged plaintiff whole. See In re Exxon Valdez, 484 F.3d 1098,

4  1101 (9th Cir. 2007). "[M]oney has a time value, and prejudgment interest is therefore necessary in

5  the ordinary case to compensate a plaintiff fully for a loss suffered at time t and not compensated until

6  t + 1. . . ." Id. (quoting Hopi Tribe v. Navajo Tribe, 46 F.3d 908, 922 (9th Cir. 1995)). The

7  determination of prejudgment interest is a "question of fairness, lying within the Court's sound

8  discretion, to be answered by balancing the equities." Wessel, 437 F.2d at 284; see also Pend Oreille,

9  28 F.3d at 1553 ("The cases teach that interest is not recovered according to a rigid theory of

10 compensation for money withheld, but is given in response to considerations of fairness. It is denied

11 when its exaction would be inequitable.") (quoting Board of County Commissioners v. United States,

12 308 U.S. 343, 352 (1939)).

13     The Court concludes that the equities of the case balance in favor of permitting a prejudgment

14 interest award. Qwest decided to challenge the arbitrator's decision, delaying enforcement of the

15 award and final judgment in this case. Fairness dictates that T-Mobile should receive such an award to

16 provide full and adequate compensation based on the time value of money and the lost opportunity to

17 use that money to which it was entitled. The Court therefore GRANTS T-Mobile's request for a

18 prejudgment interest award.

19     T-Mobile requests that the Court award prejudgment interest at a daily compounded rate of

20 0.000407 percent because that is the rate Qwest charges its own customers. The arbitrator used that

21 rate in calculating the pre-award interest. But under federal law, "the rate of prejudgment interest is

22 the Treasury Bill rate as defined in 28 U.S.C. § 1961 unless the district court finds on substantial

23 evidence that a different prejudgment interest rate is appropriate." United States v. Gordon, 393 F.3d

24 1044, 1058 n.12 (9th Cir. 2004); W. Pac. Fisheries, Inc. v. SS President Grant, 730 F.2d 1280, 1289

25 (9th Cir. 1984) ("We conclude that the measure of interest rates prescribed for post-judgment interest

ORDER - 2

1  in 28 U.S.C. § 1961(a) is also appropriate for fixing the rate for pre-judgment interest in cases such as
2  this, where pre-judgment interest may be awarded, unless the trial judge finds, on substantial evidence,
3  that the equities of the particular case require a different rate."). "Substantial evidence" is "such
4  relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
5  Blankenship v. Liberty Life Assurance Co., 486 F.3d 620, 628 (9th Cir. 2007).
6  The Court concludes that T-Mobile has not offered substantial evidence supporting the use of the
7  0.000407 interest rate. The arbitrator's use of this rate for the pre-award interest rate does not
8  compel its use as a post-award/prejudgment rate. Accordingly, the Court awards prejudgment interest
9  at the Treasury Bill rate, the rate that "reasonably reflects the conservative investment income the
10 [Plaintiff] would have been able to have earned." Nelson v. EG & G Energy Measurements Group,
11 Inc., 37 F.3d 1384, 1392 (9th Cir. 1994). Such interest shall be calculated from the date of the entry
12 of the arbitrator's award, at a rate equal to the weekly average 1-year constant maturity Treasury
13 yield, as published by the board of Governors of the Federal Reserve System, for the calendar week
14 preceding the date of the award. See 19 U.S.C. § 1961.
15      As the prevailing party, T-Mobile is also entitled to an award of costs. Fed. R. Civ. P. 54(d).
16 The Court awards T-Mobile $225 in costs incurred since June 11, 2007. (See Johnson Decl. ¶ 4.)

**Conclusion**

18      The Court GRANTS IN PART T-Mobile's motion for entry of judgment and award of
19 prejudgment interest and costs. T-Mobile is directed to file an amended proposed judgment,
20 consistent with this order, no later than January 31, 2008, with interest calculated from June 11, 2007,
21 through February 1, 2008.
22      Dated this 24th day of January, 2008.

            Marsha J. Pechman
            United States District Judge

ORDER - 3